**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

ARTHUR RONALD HAILEY,

       Plaintiff,

                                       CASE NO. 09-CV-10750

v.

                                       PAUL D. BORMAN

METRO, THE DETROIT NEWS,          UNITED STATES DISTRICT JUDGE
DETROIT FREE PRESS, DAVID JOSAR,
AMY LEE, ELLA BULLY-CUMMINGS,
JOHN DOE, and JANE DOE,

       Defendants.

_____/

**ORDER OF DISMISSAL**

**I.     INTRODUCTION**

Plaintiff Arthur Ronald Hailey ("Plaintiff") is a state prisoner at St. Louis Correctional Facility in St. Louis, Michigan. He has filed a *pro se* complaint under 42 U.S.C. § 1983 for alleged violations of his constitutional rights under the First, Eighth, and Fourteenth Amendments to the United States Constitution. The defendants are: the Detroit News; the Detroit Free Press; David Josar and Amy Lee, who write for the Detroit News; Ella Bully-Cummings, the former Chief of Police for the City of Detroit Police Department; and two unnamed defendants identified as John Doe and Jane Doe (collectively "Defendants"). Plaintiff also names "Metro" as a defendant, although "Metro" appears to be the title for a section of the newspapers published by the Detroit News. *See* Compl., Ex. C.

The Complaint and attachments allege that on March 28, 2007, the Detroit News published an article written by David Josar and Amy Lee. The article stated that, according to a police report, twenty-one criminals were responsible for at least 149 crimes that occurred during a thirteen-month

period from late 2005 through 2006. The article also states that the police report was created at the request of Defendant Ella Bully-Cummings to illustrate her contention that a small number of criminals account for the majority of crime in Detroit. The article goes on to say that one of the cases involved five teenagers, including Plaintiff, who were armed with an Uzi automatic, shot two people, and raped three women during twenty-eight separate crimes. The teenagers allegedly terrorized people throughout the city until they were arrested at a suburban mall on July 7. The article notes that Plaintiff is serving a sentence of ten to twenty-five years in prison.

Plaintiff alleges he has been incarcerated on unrelated charges since December 14, 2006, and that Defendants' comments about him are false. He seeks money damages for defamation of character and intentional infliction of emotional distress. He also claims that Defendants' article discriminates against him on the basis of his African-American race, as no Caucasians were mentioned or pictured in the article.

Plaintiff has been granted leave to proceed without prepayment of the filing fee for this action.

## II.     ANALYSIS

### A.     Standard of Review

An indigent prisoner's civil rights complaint against a governmental entity, officer, or employee may be dismissed if it (1) is frivolous, malicious, or fails to state a claim for which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief. *Smith v. Campbell*, 250 F.3d 1032, 1036 (6th Cir. 2001) (citing 28 U.S.C. §§ 1915(e)(2) and 1915A). The complaint must set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint is frivolous if it lacks an

arguable basis in law or in fact, *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and to successfully establish a *prima facie* case under § 1983, a civil rights plaintiff must prove that the defendants acted under color of state law and deprived the plaintiff of a federal right. *Block v. Ribar*, 156 F.3d 673, 677 (6th Cir. 1998).

### B.     Color of Law and Defamation

Defendants David Josar, Amy Lee, and the Detroit News were not acting under color of state law when they wrote and published the newspaper article in question here. Thus, Plaintiff has failed to state a *prima facie* case against "Metro," the Detroit News, David Josar, and Amy Lee. To the extent that the Detroit Free Press may have published a similar article, it also was not acting under color of state law.

As to Defendant Ella Bully-Cummings, to the extent that she was conducting her official duties as Chief of Police for the City of Detroit Police Department, she would have been acting under color of law. But the only link between Ms. Bully-Cummings and the disputed article is the fact that she requested the police report, which formed the basis for the article. The request for information, in and of itself, was not unconstitutional conduct, and there is no indication in the newspaper article that Ms. Bully-Cummings compiled the statistics, wrote the police report in question, or had any personal knowledge of Plaintiff's case. Furthermore, the contention that Ms. Bully-Cummings and the other Defendants defamed Plaintiff "standing alone and apart from any other governmental action with respect to him does not state a claim for relief under 42 U.S.C. § 1983 and the Fourteenth Amendment." *Paul v. Davis*, 424 U.S. 693, 694 (1976).

### C.     Intentional Infliction of Emotional Distress

Plaintiff claims that Defendants' newspaper article about him and other criminals resulted

in loss of sleep, loss of appetite, mental anguish, and humiliation.

> In order to establish intentional or reckless infliction of emotional distress, a plaintiff must show "(1) extreme and outrageous conduct, (2) intent or recklessness, (3) causation, and (4) severe emotional distress." *Graham v. Ford*, 237 Mich. App. 670, 674; 604 N.W.2d 713 (1999); *Linebaugh v. Sheraton Michigan Corp.*, 198 Mich. App. 335, 342; 497 N.W.2d 585 (1993). Liability attaches only when a plaintiff can demonstrate that the defendant's conduct is "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community." *Id*. A defendant is not liable for "mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities." *Doe* [*v. Mills*, 212 Mich. App. 73, 91; 536 N.W.2d 824 (1995)].
>
> . . . .
>
> The second element of the tort of intentional or reckless infliction of emotional distress may be proved two ways. A plaintiff can show that a defendant specifically intended to cause a plaintiff emotional distress or that a defendant's conduct was so reckless that " 'any reasonable person would know emotional distress would result.' " *Haverbush v. Powelson*, 217 Mich. App. 228, 236-237; 551 N.W.2d 206 (1996).

*Lewis v. LeGrow*, 258 Mich. App. 175, 196–97 (2003).

Records maintained by the Michigan Department of Corrections on its official website indicate that Plaintiff is incarcerated for armed robbery, carjacking, three counts of receiving and concealing property, and two weapons offenses. All seven crimes occurred on either June 23, 2006, or July 25, 2006. Plaintiff is serving ten to twenty-five years in prison for the armed robbery and carjacking. *See* www.state.mi.us/mdoc/asp/otis2profile.asp?mdocNumber=627790. In light of Plaintiff's criminal record, which appears to confirm the truth of the article in question, Defendants' conduct in reporting on the alleged crime spree was not so extreme and outrageous as to be atrocious and intolerable or to go beyond all possible bounds of decency. In addition, the facts as alleged do not indicate that Defendants intended to cause emotional distress or were so reckless that any reasonable person would know emotional distress would result. Thus, Plaintiff has failed to satisfy

4

the elements of a claim for intentional infliction of emotional distress.

### D. Equal Protection

Plaintiff's equal protection claim also fails to state a claim for which relief may be granted. To establish an equal protection claim under § 1983, a plaintiff must show that he was a member of a protected class and was intentionally and purposefully discriminated against because of membership in that class." *Brooks v. Knapp*, 221 Fed. Appx. 402, 408 (6th Cir. 2007) (citing *Boger v. Wayne County,* 950 F.2d 316, 325 (6th Cir. 1991)).

Although the five individuals pictured in the disputed article, including Plaintiff, appear to be African Americans, no mention is made of their race or the race of the other sixteen criminals supposedly responsible for the crimes cited. The intent of the article appears to be to show the connection between twenty-one individuals and a crime wave, which diminished after the arrest of the twenty-one individuals. Plaintiff has not stated a plausible claim of intentional and purposeful discrimination.

### III. CONCLUSION

For the reasons stated above, Plaintiff's Complaint (Dkt. No. 1) is summarily **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). Plaintiff may not pursue an appeal without prepaying the appellate filing fee because the issues are frivolous and an appeal could not be taken in good faith. 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997).

**SO ORDERED.**

        S/Paul D. Borman
        PAUL D. BORMAN
        UNITED STATES DISTRICT JUDGE

Dated: May 18, 2009

## CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on May 18, 2009.

        S/Denise Goodine
        Case Manager